UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Walter J Tornstrom

    Plaintiff,

vs.

United States Environmental
Protection Agency

    Defendant

No. 1:19 CV 2874

COMPLAINT

JUDGE GAUGHAN

MAG. JUDGE RUIZ

FILED DEC 12 2019

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Plaintiff, Walter J Tornstrom, individually sues the Defendant, United States Environmental Protection Agency ("Defendant United States Enviornmental Protection Agency") and he alleges as follows:

PRELIMINARY STATEMENT

1. This is an action for the theft and destruction of chemicals owned by the plaintiff and theft and destruction of chemicals owned by Karl Industris, Inc. which were collateral for notes and accrued interest owed to the plaintiff, liquidated damages, attorneys' fees, costs, and interest.

2. This claim is for compensation under the Federal Tort Claims Act (FTCA for the Act). 28 U.S.C. && 2671-2680. Property was removed in a negligent and wrongful act not notifying plaintiff, as had been advised to Defendant's employee, Stephen Wolfe, who had ownership and secured interest in properties.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28

-1-

U.S.C. & 1331 and 29 U.S.C. & 201 because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. & 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

4. Venue is proper in this district pursuant to 28 U.S.C. & 1391(b)(ii) because acts giving rise to claims of Plaintiff occurred within the Northern District of Ohio, Eastern Division, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein - and, thus are subject to personal jurisdiction in - this judicial district.

## PARTIES

5. At all material times, Plaintiff is an indivdiual residing in Lake County, Ohio.

6. At all material times, Defendant US Environmental Protection Agency transacted business, had offices, and/or maintains agents for the transactioons of its customary business in Lake County, Ohio and Portage County, Ohio.

7. Defendant solely or individually through an enterprise or agent, directed and exercised control over Plaintiff's assets and Karl Industries, Inc. assets at times after December 30, 2016.

## NATURE OF THE CLAIM

8. Plaintiff filed a claim under the Federal Tort Claims Act

(FTCA) which is federal legislation enacted in 1946 that provides a legal means for compensating individuals who have suffered personal injury, death or property loss or damage caused by the negligent or wrongful act or omission of an employee of the federal government. It allows individuals to recover monetary damages from the United States under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the negligent or wrongful act or omission occurred.

9. As advised by USEPA in a telephone call to its offices in February, 2019 Claim Number: TOR-19-050009 was filed on March 25, 2019 with Defendant US Environmental Protection Agency. Claim was for $236,991.00 as of 12-31-2016 for property securing notes receivable held by plaintiff owed by Karl Industries, Inc., 11415 Chamberlain Road, Aurora, OH 44202.

10. Notice of the secured interest and copies of the recorded UCC filing with the State of Ohio had been provided to Defendant's employees, Stephen Wolfe, located in Ohio and Ms. Rachel Zander, Attorney for EPA in Chicago, IL in October, 2017. Verbal notice was provided to each by telephone prior to letters and copies of the UCC filings being mailed to each.

11. May 15, 2019, sixty-one days after filing, letter sent from Defendant EPA's Washington Office written by Defendant's employee Kevin Collins advising that claim did not fall under the purview of the Inspector General. Plaintiff was advised that it was the wrong EPA department. Collins did forward it to correct department after hesitating with a comment that a "conflict of interest" for him could

-3-

be involved even if the claim was just delivered to an office in the same building by him.

12. May 28, 2019, almost two weeks later, email received from Defendant's employee Kenneth Redden acknowledging receipt of claim form. Claim number TOR-19-050009 was assigned. Defendant's employee Kenneth Redden stated he would be in contact should he require further information. To date NO further information request.

13. June 27, 2019 plaintiff provided cost value of inventory taken regarding claim. No response. Plaintiff also requested status of claim. No response.

14. July 29 and 30, 2019 emails offering assistance to Defendant's employee Kenneth Redden to resolve claim. No response.

15. Mid August. Several telephone calls to Defendant's employee Kenneth Redden's telephone number. Answer message stated he would be out of town until August 22. Not true. August 23 call elicited message that he would be out of town about another week or more.

16. Message contact Defendant's employee Ann Sisson for Defendant's employee Kenneth Redden stated Plaintiff claim had been denied June 13 and notice had been sent certified mail. Plaintiff never received notice. Evidently returned to EPA office. Supposed follow-up notice sent by certified mail also. Never received by Plaintiff. Very careless administration. Two certified notices never followed up until Plaintiff inquired.

17. August 29, 2019. Message left on Defendant's employee Kenneth Redden's answering device that Plaintiff was at least entitled to a call/contact because of "common courtesy". Plaintiff

received email August 29 stating history of mailings. Total lack of caring and using up over two months of six month requirement to file in court. Just carelessness and probably not caring unless plaintiff pursued matter relentlessly.

18. August 30, 2019 email of denial received from Defendant's employee Kenneth Redden. Text in email and actual denial letter mentioned "EPA regrets the medical conditions you have described ...". There were not any "medical conditions" mentioned in claim at all. Ansnwer back from Defendant's employee Kenneth Redden was that it was a "typo". It should not have even been mentioned. A "typo" is hitting an incorrect key on a typewriter or reading an incorrect word. Again careless handling of a matter.

19. No explanation to Plaintiff of which chemicals removed and destroyed were hazardous or which chemicals were not hazardous and did not have to be removed and destroyed was given in any of the communications from Defendant EPA. Even hazardous chemicals can be part of an inventory for operating a business.

20. No explanation has been given to Plaintiff regarding who made decisions regarding complete removal and destruction of all chemicals involved and under what rules, regulations and authority.

21. Denial letter for claim made under Federal Tort Claims Act cites "The Act authorizes agencies to consider. settle and compromise money claims for injury, harm or death or property damage caused by the negligent or wrongful acts or omissions of EPA or its employees while acting within the scope of their employment." Defendant EPA took and destroyed all chemicals in a negligent manner after secured

interest notice provided to Defendants employees Stephen Wolfe and Ms. Rachel Zander of EPA Chicago office. Federal Tort Claims Act also authorizes agencies to "consider, settle and compromise money claims ... . There has been no such offer or no such action by Defendant EPA, employees Kenneth Redden or Angelia Talbert-Duarte.

22. Defendant EPA has acted under its own rules, regulations and interpretations thereof in this matter. This deference doctrine should not be accepted for Plaintiff's claim. In this situation any ambiguity in a statute supposedly should be left to the the agency to resolve its own matter, not a court. This should not be. As Justice Clarence Thomas cites, "not only do we have bureaucrats making rules like a legislature and interpreting them like a judge, but also the interpretations amount to a further lawmaking power, with no checks and balances whatever."

23. The Federal Tort Claims Act authorizes agencies to settle and compromise money claims for ... property damage caused by negligent or wrongful acts or omissions of EPA of its employees while acting within the scope of their employment as cited above. The denial of this Federal Tort Claims Act settlement citation is not correct. Defendant EPA cannot be all parts, legislative, judicial and administrative, in deciding claims.

## FEDERAL TORT CLAIMS ACT
## APPROPRIATE TO SETTLE PLAINTIFF CLAIM

24. Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs.

25. Defendant EPA practice of not settling Plaintiff's claim for $236,991.00 because of its denial under the supposed provisions of the Federal Tort Claims Act violates its own text and terms.

26. Plaintiff further is entitled to and asks for interest from the date Defendant EPA took control of Karl Industries, Inc. property and that of the Plaintiff, also on site.

WHEREFORE, Plaintiff, Walter J Tornstrom, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant United States Environmental Protection Agency for compensation of $236,991.00 for the taking and destruction of all chemicals of Karl Industries, Inc. and Plaintiffs chemicals plus interest in addition which has accrued after Defendant EPA took control of the chemicals, reasonable attorney fees, costs and disbursements of this action, and any additional relief this Court deems just and proper.

By: _____
WALTER J TORNSTROM
ProSe Plaintiff
8735 Palomino Trail
Kirtland, OH 44094
Telephone: 440-256-8894
Email: wtornstrom@yahoo.com
Plaintiff